IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JIMMY DIAZ #1737301 § | |
| § | |
| V. § | CIVIL NO. SA-15-CA-694-RP |
| § | |
| A.M. STRINGFELLOW UNIT, et al. § | |

**ORDER DENYING IFP
AND ORDER OF DISMISSAL**

Before the Court is the above-referenced civil-rights complaint. Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule.

While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, as malicious, or for failure to state a claim. *See Diaz v. Mings, et al.*, No. 1:04-cv-673-SS (W.D. Tex. June 16, 2005) (dismissed as frivolous); *Diaz v. Basse, et al.*, 2:13-cv-112 (N.D. Tex. Aug. 20, 2013) (dismissed for failure to state a claim); *Diaz v. Dockery*,

1

2:13-cv-111 (N.D. Tex. Sept. 5, 2013) (dismissed as frivolous and for failure to state a claim); *Diaz v. McDuffie, et al.*, 2:13-cv-80 (N.D. Tex. Feb. 25, 2014) (dismissed as frivolous). Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint does not meet that standard.

It is therefore **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). Plaintiff's complaint may be reinstated only if the full filing fee of $400 is paid simultaneously with the filing of a motion to reinstate. Plaintiff's motions for relief (Document 3) and for appointment of counsel (Document 4) are **DENIED** as moot.

**SIGNED** on August 17, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE